**ATLANTIC COAST LINE RAILROAD COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 4249.

United States District Court
E. D. Virginia,
at Richmond.

Argued June 10, 1965.

Decided June 22, 1965.

Prime F. Osborn, Jacksonville, Fla., John F. Kay, Jr., Denny, Valentine & Davenport, Richmond, Va., for plaintiff.

William H. Orrick, Jr., Asst. Atty. Gen., and John H. D. Wigger, Attorney, Department of Justice, Washington, D. C., and C. Vernon Spratley, Jr., U. S. Atty., and S. W. Phillips, Asst. U. S. Atty., Richmond, Va., for defendant United States of America.

Robert W. Ginnane, General Counsel and Thomas H. Ploss, Washington, D. C., for defendant Interstate Commerce Commission.

Charles W. Laughlin, Christian, Barton, Parker, Epps & Brent, Richmond, Va., Thomas D. Barr, Cravath, Swaine & Moore, New York City, and Simms & Simms, Raleigh, N. C., for intervenor, Norfolk-Southern Ry. Co.

Edward B. Hipp, Commission Atty., Raleigh, N. C., for intervenor-defendant North Carolina Utilities Commission.

John M. Oakey, Jr., Battle, Neal, Harris, Minor & Williams, Richmond, Va., and Gordon P. MacDougall, Samuel H. Moerman and LaRoe, Winn & Moerman, Washington, D. C., for intervenor-defendant, Texas Gulf Sulphur Co.

Before BRYAN, Circuit Judge, and LEWIS and BUTZNER, District Judges.

PER CURIAM:

The Interstate Commerce Act, part I, 49 U.S.C. § 1 et seq., in § 1(18) prohibits a carrier to extend its line of railroad, or to construct a new line of railroad, "unless and until there shall first have been obtained from the Commission a certificate that the present or future public convenience and necessity require or will require" the extension. Such an extension of their lines into the same territory in North Carolina was sought by almost contemporaneous applications of Norfolk Southern Railway Company and Atlantic Coast Line Railroad Company, with each protesting the other's request. The requisite certificate was issued to Norfolk, denied Atlantic, and Atlantic now sues to set aside this order of the Interstate Commerce Commission.[1] We decline to disturb it.

The desire and demand for the railroad service arises from the recent discovery and mining of phosphate deposits in Beaufort County. Neither railroad presently has a branch into the area, which is adjacent to the Pamlico River. Norfolk has never had any tracks there and Atlantic had in 1952 abandoned its line leading into the region. However, either of them may now reach it by taking an extension of about 32 miles off of one of their main routes.

In resolving the contest between the vying carriers, the Commission adopted and approved the fact findings and conclusions of its examiner. In a detailed report he found, inter alia:

"Full consideration of the record warrants the issuance of a certificate authorizing Norfolk Southern to construct and operate the proposed new line of railroad."

Again, with necessity for the line conceded, the ultimate finding of the examiner was:

"[T]hat the present and future public convenience and necessity require construction and operation by the Norfolk Southern Railway Company of a line of railroad in Beaufort County, N. C., as hereinabove described. * * *"

1. Order entered February 19, 1965 in Finance Dockets No. 22833, Norfolk Southern Railway Company Construction and Operation in Beaufort County, North Carolina, and 22950, Atlantic Coast Line Railroad Company Construction Between the Pamlico River and Washington, North Carolina.

He added that "public convenience and necessity are not shown to require construction and operation by the Atlantic Coast Line Railroad Company of a similar line * * *." However, on his recommendation there was appended to Norfolk's certificate this condition:

"A condition * * * would require Norfolk Southern, at or about the same time it enters into any agreement to permit operations by another railroad (whether such railroad is, or, is not directly or indirectly affiliated with Norfolk Southern) over the line of railroad herein authorized to be constructed and operated, shall tender to Coast Line, a reasonable opportunity to join in the same agreement, or, to negotiate a separate agreement upon substantially the same terms and conditions, which would permit Coast Line to operate in common with Norfolk Southern and the other affected railroad or railroads over the same trackage to and from the phosphate mines and plants served by the said line."

The Commission's findings, reasoning and recommendations are well within its province. Plaintiff has not persuaded us that they do not find support in the evidence. Indeed, we see them firmly grounded. This is the limit of our review; the expediency or advisability of the decision is not for us. I. C. C. v. Parker, 326 U.S. 60, 65, 65 S.Ct. 1490, 89 L.Ed. 2051 (1945); Illinois Cent. Etc. R.R. v. I. C. C., 206 U.S. 441, 454, 27 S.Ct. 700, 51 L.Ed. 1128 (1907).

In light of the examiner's analysis, to discuss again the many features of this case would be but supererogation. However, it is appropriate to note the fundamental premise of the complaint: that the Commission's decision is not rested on the statutory standards of convenience and necessity but rather upon the desire or wish of the principal shipper, the corporation developer of the phosphate fields. The shipper did, indeed, express a preference for Norfolk. Likewise true, the shipper's "desire" did enter into the examiner's conclusion and properly so. Chicago, R.I. & P.R. Co. v. United States, 205 F.Supp. 378, 382 (N.D. Ill. 1962). But this is not the whole story. In context it is plain that the examiner did not use the word as meaning caprice, whim or personal taste of the shipper, but a preference under-propped by sound, economic advantages it believed derivable from Norfolk's operation and not observable in Atlantic's. At all events his other findings generously sustain the examiner's conclusion.

Another grievance of Atlantic is that the Commission did not consider alternatives to an exclusive certificate which Atlantic suggested, i. e., a joint operation between Norfolk and itself, or construction of the necessary facilities by and at the cost of Atlantic with a grant of trackage rights to Norfolk. Our reading of the record refutes the contention; we see adequate consideration of the subject and reasonable refusal. In this connection the condition attached to Norfolk's certificate is significant.

The complaint will be dismissed and the action stricken from the docket.

Action dismissed.